UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AHSHA FONTENOT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-841 |
| § | |
| LEE TAYLOR, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ahsha Fontenot ("Fontenot"), who is proceeding *pro se* and *in forma pauperis*, has sued two people, Lee Taylor ("Taylor") and Michelle Greenhouse ("Greenhouse"), for their unspecified involvement in a state-court eviction proceeding against her. (Dkt. 1; Dkt. 1-1). Fontenot's claims are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") for failure to state a claim on which relief may be granted. All pending motions are **DENIED AS MOOT**.

### BACKGROUND

Although her two-page complaint is almost devoid of facts, it appears that Fontenot was evicted from her apartment after a forcible entry and detainer proceeding in Texas state court. (Dkt. 1). Fontenot claims that she was not properly served with the eviction notice. (Dkt. 1). Here is her description of the eviction process in its entirety:

> I am writing to formally address the recent eviction attempt that I know was conducted illegally. As a tenant in good standing, I am aware of my rights under the law, and I am committed to resolving this matter in a fair and just manner. This case is formally being removed from the lower Justice of the Peace court jurisdiction due to making a ruling when a defendant/respondent has not been properly served. A letter was submitted from the tenant that a notice was left on their residence and was still ignored. I am removing this case so that all evidence can be viewed fairly.
>
> **Background Information:**
> - **Property Address**: 9409 Dulcimer Street, Apt B, Houston, Texas 77051
> - **Lease Start Date**: December 2019
> - **Lease End Date (if applicable):** May 2024
> - **Monthly Rent Amount:** $1275.00 USD
>
> **Details of the Illegal Eviction:**
>
> I was never served a notice; I knew about the court date the day before due to the eviction notice being served to the wrong party at the wrong house.
>
> 1. **Lack of Proper Notice**: The notice provided insufficient time for me to find alternative housing, which is a violation of tenant rights and the organic constitution.
> 2. **Failure to Follow Legal Procedures**: The eviction process did not follow the proper legal steps, including providing written notice, allowing for a reasonable response period, and obtaining a court order nor the ability to properly defend myself in court on this case.
> 3. **Retaliation**: I suspect that this eviction attempt is in retaliation for me asserting my constitutional rights in filing my lease at the county recorder as I have a security interest and how I personally file my taxes and a valid lien filed with the Texas Secretary of State.

Dkt. 1 at p. 1.

Fontenot's complaint never mentions either one of the defendants she has sued; the defendants' names are found only on the civil cover sheet filed by Fontenot. (Dkt. 1; Dkt 1-1).

The Court gave Fontenot leave to amend her complaint, as long as she did so by May 10, 2024. (Dkt. 12). Fontenot has not filed an amended complaint and has not requested an extension of the deadline.

# SECTION 1915

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations satisfy the federal pleading standard. *Newsome*, 301 F.3d at 231; *see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards."). The Supreme Court has clarified that "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to a motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

The Court concludes that Fontenot's claims are subject to dismissal under Section 1915. As noted above, Fontenot's complaint never mentions either one of the defendants she has sued; the defendants' names are found only on the civil cover sheet filed by Fontenot. (Dkt. 1; Dkt. 1-1). Fontenot's complaint does not make clear who the defendants are, what claims she is asserting against each defendant, or what actions by each defendant form the bases of those claims. In short, even if the Court could determine what Fontenot's causes of action are, her complaint fails to plead with any particularity the facts that give rise to those causes of action. Accordingly, the Court will dismiss Fontenot's claims under Section 1915.

## CONCLUSION

Fontenot's claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. All pending motions are **DENIED AS MOOT**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on March 11, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE